1999 OK CIV APP 24

In the Matter of the SALES TAX PROTEST OF Ted WEST d/b/a Ted West Photography.

Ted West d/b/a Ted West Photography, Protestant/Appellant,

v.

State of Oklahoma, ex rel., Oklahoma Tax Commission, Respondent/Appellee.

No. 90,709.

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 18, 1998.

Certiorari Denied Feb. 22, 1999.

Gladys E. Cherry, Oklahoma City, Oklahoma, For Appellant.

Thomas E. Kemp, Jr., Majorie L. Welch, Oklahoma City, Oklahoma, For Appellee.

## MEMORANDUM OPINION

Opinion by CAROL M. HANSEN, Judge:

¶1 Appellant, Ted West (West), seeks review of an Oklahoma Tax Commission (OTC) order adopting a hearing officer's recommendation to deny West's protest of a sales tax assessment. We hold the tax was properly assessed and affirm.

¶2 The parties stipulated to the following facts. OTC's Audit Division, after conducting an audit of West's books and records, proposed assessment of "additional sales tax," together with interest and penalty, for the period March 1, 1992 through February 28, 1995. West filed a timely protest. During the audit period, West did not have a sales tax permit for his photography business. He did not collect sales tax from his customers. West did pay sales tax to vendors when he purchased film or supplies, rented equipment, or had film developed. West's clients were primarily advertising agencies, but he did some work for other commercial clients. He separately itemized

labor costs, film, supplies and other costs on invoices. West gave the original film to his clients and retained no copyright on the film.

¶ 3 West's protest was heard before an OTC Administrative Law Judge (ALJ). OTC was represented by the Audit Division. In addition to the stipulated facts, the ALJ found West admitted he was hired to "take or shoot specific images and that such images are transferred to [his] clients by means of a print, negative or transparency." West argued before the ALJ the sales tax assessment was erroneous because the transactions involve the sale of services rather than the sale of tangible personal property. Alternatively, West argued he should be allowed a credit against the assessment for sales tax he paid for purchases.

¶ 4 The Audit Division countered that the assessment was proper because West transferred tangible personal property, in the form of prints, negatives or transparencies, to others for a valuable consideration. The Division additionally argued West's services in producing the property sold were included in the gross receipts from the sale, and further, there was no authority for West's requested credit.

¶ 5 The ALJ, after setting out various general conclusions of law regarding statutory, rule making and jurisprudential authority supporting assessment of sales tax, found:
... the transactions at issue involve the transfer of tangible personal property (prints, negatives or transparencies) to another for a valuable consideration and that the gross receipts or gross proceeds include [West's] services of producing the property sold. The evidence clearly establishes that the object of the transactions is the transfer of the prints, negatives or transparencies.

■ ¶ 6 The Tax Commissioners, without modification, unanimously adopted the ALJ's recommendation that West's protest be denied. West brought his appeal of the OTC order directly to the Supreme Court in accordance with to 68 O.S. Supp.1997 § 225. In our review pursuant to § 225, we will affirm an OTC order if the record contains substantial evidence in support of the facts upon which the decision is based and the order is

otherwise free of error. *Dugger v. Oklahoma Tax Commission,* 1992 OK 105, 834 P.2d 964; *El Paso Natural Gas Co. v. Oklahoma Tax Commission,* 1996 OK CIV APP 69, 929 P.2d 1002.

¶ 7 Levy of the sales tax is provided in 68 O.S. Supp.1997 § 1354, which, in relevant part, sets forth:

There is hereby levied upon all sales, not otherwise excepted in the Oklahoma Tax Code, ..., an excise tax of four and one-half percent (4.5%) of the gross receipts or gross proceeds of each sale of the following:

(A). Tangible personal property, except newspapers and periodicals;

¶ 8 *Sale* is defined in the Tax Code as "the transfer of either title or possession of tangible personal property for a valuable consideration regardless of the manner, method, instrumentality or device by which the transfer is accomplished ...". 68 O.S. Supp.1997 § 1352(M). *Tangible personal property* is defined as "personal property which may be seen, weighed, measured, felt, or touched or which is in any other manner perceptible to the senses." 68 O.S. Supp. 1997 § 1352(O).

■ ¶ 9 West concedes he provided his clients with "either a contact sheet, a transparency or video to be used in its business." It is inarguable these objects may be seen, weighed, measured, felt and touched. However, West contends they are not tangible personal property under § 1352(O), citing *Globe Life & Acc. v. Oklahoma Tax Com'n,* 1996 OK 39, 913 P.2d 1322.

¶ 10 Although *Globe Life* concerned the use tax, as opposed to the sales tax, the Supreme Court framed the definitive issue as whether "the procurement of mailing lists encoded on magnetic tapes constitutes *the purchase of tangible personal property.*" (Emphasis in original). The *Globe Life* Court noted the Use Tax Code did not contain a definition of tangible personal property, but rejected OTC's argument that the Sales Tax Code definition of that term should be imported into the use tax case.

¶ 11 The Court reasoned the Legislature had amended the Sales Tax Code specifically to include "magnetic tapes ... on which prewritten programs have been coded". The Court further reasoned if the Sales Tax Code's definition of "tangible personal property" had included magnetic tapes, this amendment would have been superfluous, and the Legislature would not be assumed to have done a useless act. *Globe Life,* at 1328. In the absence of a statutory definition of tangible personal property, the Supreme Court construed the term according to the common law, which looks to the personal property's end use or disposition.

¶ 12 Here, we are applying the Sales Tax, not Use Tax, Code, and the Legislature has *not* specifically amended § 1354 in any relevant way as reasoned by the Supreme Court in *Globe Life.* Thus, we give application to the plain meaning of the Sales Tax definition of tangible personal property. The contact sheets, transparencies and videos West provided to his clients are tangible personal property within the Sales Tax Code meaning.

■ ¶ 13 West also contends he made no taxable sales because there was no transfer of title or possession of tangible personal property for valuable consideration. To support this contention, he asserts his relationship with his clients was that of employer-employee, with the client being owner, at all times, of the photographs. West cites 17A C.J.S., *Contracts,* § 517 (1963) as authority for this proposition. Interestingly, that section supports the contrary position, stating:

A photographer who for a consideration makes photographs on the order of patrons or customers who sit for them is the owner of, and *has title to,* such photographs until they are accepted and delivered. (Emphasis added).

¶ 14 Section 517 does say, in the absence of an express or implied agreement to the contrary, the relationship between a photographer and his customer is that of employee and employer, giving the customer ownership of all proprietary rights in the photographs. The evidence indicates an implied agreement that West was *not* an employee of his clients. There are a number of Internal Revenue Service Forms 1099–MISC in the record to show amounts West was compensated by clients. These forms reflect the amount paid in a block captioned "*Nonemployee compensation.*" West's employment was in the nature of an independent contractor. The clients may have proprietary rights against unauthorized use of the photographs or negatives, but West had physical ownership and title of the photographs and negatives until they were delivered to the clients.

■ ¶ 15 While West may have itemized the labor costs in billing clients, this labor or service cost is subsumed into the total cost of the photograph, video or transparency. Under § 1354, tax is imposed on the gross receipts or gross proceeds of each sale. Section 1352(G) provides gross receipts or gross proceeds are the total amount of compensation received for the sale of tangible personal property or taxable service. No deduction is allowed on account of, *inter alia,* labor service performed, "whether or not the tangible personal property sold was produced, constructed, fabricated, processed, or otherwise assembled for or at the request of the consumer as part of the sale." The sales tax was properly assessed on the total amount billed by West, including labor.

¶ 16 West does not contest here OTC's denial of his request for credit of the sales taxes paid on his purchase of film and other supplies. That issue is deemed abandoned and we need not consider it further. *Hoover v. Kiowa Tribe of Oklahoma,* 1995 OK 136, 909 P.2d 59.

¶ 17 OTC's order is supported by substantial evidence and is free from legal error. Accordingly, the order is AFFIRMED.

ADAMS, J., and BUETTNER, P.J., concur.