2011 OK CIV APP 51

**STILLWATER HOUSING ASSOCIATES, Petitioner/Appellee,**

v.

**Jacquie ROSE, Payne County Assessor and Payne County Board of Equalization, Respondents/Appellants.**

No. 108682.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 28, 2011.

Certiorari Denied March 28, 2011.

William K. Elias, Karolina D. Roberts, Elias, Books, Brown & Nelson, Oklahoma City, Oklahoma, for Petitioner/Appellee.

Lowell A. Barto, Assistant District Attorney, Stillwater, Oklahoma, for Respondents/Appellants.

CAROL M. HANSEN, Judge.

¶ 1 Appellants, Payne County Assessor Jacquie Rose and Payne County Board of Equalization (collectively Assessor), seek review of the trial court's orders granting partial summary judgment finding low income housing tax credits are exempt from taxation as intangible personal property, and granting an agreed judgment valuing certain low income housing without including the tax credits as income of the property. We affirm, holding low income housing tax credits are not income and are exempt from taxation as intangible personal property.

¶ 2 Appellee, Stillwater Housing Associates (Owner), is a limited partnership created in 1998 to develop an apartment complex and twenty-four single-family residential properties in Stillwater, Oklahoma, to be operated as a low income housing complex pursuant to the Internal Revenue Code (IRC), 26 U.S.C. § 42. In 2000, Owner applied to the Oklahoma Housing Finance Agency (OHFA), the state agency which administers the IRC § 42 program in Oklahoma, for annual tax credits in the amount of $455,235.00, which were approved. Owner then sold the tax credits to its limited partners to generate private equity to complete construction of the housing complex. The tax credits are allocated to the limited partners in ten annual increments and flow through Owner directly to the limited partners.

¶ 3 In 2007, Assessor valued the property at $6,268,875.00 for ad valorem tax purposes. Owner appealed, asserting the property's value was only $3,975,000.00 based upon the capitalized net operating income of the property. The Board of Equalization instructed Assessor's appraisers to capitalize the tax credits as though they were income attributable to the property, which increased the property's valuation to $8,617,200.00. The Board certified that amount on the tax rolls and Owner appealed to the district court for trial de novo pursuant to 68 O.S.2001 § 2880.1. The Board certified the same amount in 2008 and 2009, and Owner appealed each of those orders. The three cases were consolidated.

¶ 4 Both sides filed motions for partial summary judgment as to whether the tax credits should be treated as income to the property. Both sides agreed the property was income-producing and therefore properly valued under the income and expense approach, which is defined in 68 O.S.Supp.2005 § 2802(20) as "a method to estimate fair cash value of a property by determining the present value of the projected income stream."

¶ 5 Owner argued the tax credits are exempt from ad valorem taxation because they are intangible personal property, citing the Oklahoma Constitution, Art. X, § 6A, which provides,

Intangible personal property as below defined shall not be subject to ad valorem tax or to any other tax in lieu of ad valorem tax within this State:

. . .

(c) Accounts and bills receivable, including brokerage accounts, and other credits, whether secured or unsecured.

Owner argued in the alternative the tax credits are not income, but are a financing mechanism to encourage investment in low income housing projects.

¶ 6 Assessor argued the low income housing tax credits are included in the definition of real property subject to ad valorem taxation, under the Ad Valorem Tax Code, 68 O.S.Supp.2006 § 2806(A), which provides:

Real property, for the purpose of ad valorem taxation, shall be construed to mean the land itself, and all rights and privileges thereto belonging or in any wise appertaining, such as permanent irrigation, or any other right or privilege that adds value to real property. . . .

Assessor argued the tax credits are rights and privileges belonging to the land because they add value to the land and do not exist separately from the land. She contended including the tax credits in the income stream balanced the value-depressing effect of the rent restrictions on the property, and if the tax credits were not included, then the valuation should be based on market rent rather than restricted rent. Assessor also argued the tax credits are not exempt intangible property under Okla. Const., Art. X, § 6A, because the word "credit" in that section is limited by the rule of *ejusdem generis* to things of the same class as the other things mentioned, and tax credits are not like accounts or bills receivable.

¶ 7 In response, Owner argued the tax credits were not part of the real property because the Legislature had never enumerated them as such, and the Oklahoma Supreme Court has defined the term "credit" to include tax credit in *In re Assessment of Personal Property Taxes Against Missouri Gas Energy, Div. of Southern Union Co., for Tax Years 1998, 1999, and 2000 (Missouri Gas )*, 2008 OK 94, 234 P.3d 938, 947 n. 18. Owner also argued the subject property should be valued based on the restricted rents because a buyer would base a purchase price on the restricted rents.

¶ 8 The trial court granted Owner's motion for partial summary judgment, ruling that in ordinary usage, the term "credit" includes tax credits and therefore tax credits are exempt from ad valorem taxation under Okla. Const., Art. X, § 6A. It also ruled the Legislature has not defined tax credits as a component of real property in 68 O.S.2006 § 2806(A). Based upon this ruling, the parties reached an agreement as to the valuation of the subject property, and the trial court entered judgment on the agreed valuation. Assessor appeals from these orders without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1.36, 12 O.S.Supp.1996, Ch. 15, App. 1.

¶ 9 The parties agree this appeal presents only questions of law. Therefore, we will review the trial court's order de novo. *Carmichael v. Beller*, 1996 OK 48, 914 P.2d 1051, 1053.

¶ 10 A tax credit is a government subsidy. Congress established the low income housing tax credit program as part of the Tax Reform Act of 1986 to subsidize acquisition, rehabilitation, or new construction of rental housing for low income households. The amount of the tax credit is a percentage of the qualified basis of each qualified low-income building. 26 U.S.C. § 42(a)(1) and (2). It is therefore a subsidy of the investment, or capital, and not a rent subsidy. The tax credit is sold to investors, usually in a limited partnership, as a means of financing the acquisition, rehabilitation, or construction of the low income housing, and the investors receive a return of their capital by claiming the tax credit over a ten-year period. *See Cottonwood Affordable Housing v. Yavapai County*, 205 Ariz. 427, 72 P.3d 357, 358 (Ariz.Tax 2003). Accordingly, the low income housing tax credit is not income and does not replace income.

¶ 11 Our view is consistent with the U.S. Supreme Court's view of tax credits in *Randall v. Loftsgaarden*, 478 U.S. 647, 106 S.Ct. 3143, 92 L.Ed.2d 525 (1986). There the

Court construed a section of the Securities Act, 15 U.S.C. § 77*l* (a)(1), which provides a securities fraud claimant may recover the amount of consideration paid for the security plus interest, less the amount of any income received on the security. At issue was whether tax deductions and tax credits were income within the meaning of the statute so as to reduce the claimant's damages. The Court held tax credits were not income, stating they had no value in themselves but the economic benefit to the investor arose because the investor could use tax credits to reduce the taxes otherwise payable on account of income. The receipt of tax credits was not a taxable event because the investor had received no income within the meaning of the Internal Revenue Code. 478 U.S. at 656, 106 S.Ct. at 3149.

¶ 12 The low income housing tax credit is a tax benefit that belongs to the investor rather than a right or privilege belonging to the land. It is a credit against income taxes owed to the federal government. In *Missouri Gas*, the Court stated words in the Oklahoma Constitution are to be construed in a way most familiar to the ordinary people who adopted it. 234 P.3d at 946. While the Court stated "[t]he term 'credit' in ordinary usage means the right granted by a creditor to a debtor to defer payment of a monetary obligation," it acknowledged the term was used in a variety of contexts with other meanings, including tax credits. 234 P.3d. at 947 n. 18. Therefore, "credit" has a broad meaning in ordinary usage, and the term as used in Okla. Const., Art. X, § 6A, includes credits against income taxes owned to the federal government. We hold tax credits are intangible personal property exempt from taxation.

¶ 13 For the foregoing reasons, the trial court's judgment is AFFIRMED.

HETHERINGTON, P.J., and BELL, C.J., concur.