**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STATE FARM FIRE AND CASUALTY
COMPANY,

     Plaintiff - Appellee,

v.

CHARLES DAWSON,

     Defendant - Appellant,

and

SUMMER STOCKBRIDGE,

     Defendant.

No. 16-6356
(D.C. No. 5:15-CV-01068-M)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

This is an appeal from the district court's grant of summary judgment in favor

of State Farm Fire and Casualty Company (State Farm) for declaratory judgment

against its insured, Charles Dawson. The district court ruled that Mr. Dawson's

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

homeowner's policy did not provide coverage for claims asserted against Mr. Dawson in a civil action brought against him by a former student. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND

### A.     Factual History

Mr. Dawson was employed as a mathematics teacher at Wanette High School in Wanette, Oklahoma. During that time, he engaged in inappropriate communications with one of his students. By the time the parents of the student discovered the relationship, Mr. Dawson had requested and received nude pictures of the student via text messages. Mr. Dawson was criminally prosecuted. The student withdrew from Wanette High School and finished her high school education through on-line courses.

The student brought a lawsuit against Mr. Dawson in the District Court of Pottawatomie County, State of Oklahoma, seeking damages for invasion of privacy, intrusion on seclusion, negligence, and negligence per se (the State Court Action).[1] Mr. Dawson tendered the defense of the State Court Action to State Farm under a policy of homeowners insurance issued to him by State Farm (the Policy). In response, State Farm provided a defense to Mr. Dawson in the State Court Action, but did so under a reservation of its rights to contest coverage.

---

[1] The action was initially brought by the student's parents on her behalf, but she was substituted as the plaintiff upon reaching majority.

## B.     Procedural History

State Farm filed this action in the United States District Court for the Western District of Oklahoma, seeking a declaration that the Policy provided no coverage for the claims made against Mr. Dawson in the State Court Action. After full briefing and hearing, the district court granted State Farm's motion for summary judgment and entered a declaratory judgment that the Policy did not provide such coverage.

Mr. Dawson filed a timely appeal. For essentially the same reasons stated by the district court, we affirm the declaration of no coverage.

## II.     DISCUSSION

## A.     Standard of Review

We review the district court's grant of summary judgment de novo, applying the same legal standard as the district court. *Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc.*, 781 F.3d 1226, 1229 (10th Cir. 2015). Summary judgment is appropriately granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, we view the record evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 850 (10th Cir. 2015). And because this is a diversity action, we apply the substantive law of the forum state—here, Oklahoma. *Id.*

3

## B. Oklahoma Law

In Oklahoma, insurance policies are interpreted as a matter of law under the rules applicable to other contracts. *BP Am., Inc. v. State Auto Prop. & Cas. Ins. Co.*, 148 P.3d 832, 835 (Okla. 2005). "When policy provisions are unambiguous and clear, the employed language is accorded its ordinary, plain meaning; and the contract is enforced carrying out the parties' intentions. The policy is read as a whole, giving the words and terms their ordinary meaning, enforcing each part thereof." *Id.* Although it is the insurer's responsibility to draft clear provisions, the Oklahoma courts "will not impose coverage where the policy language clearly does not intend that a particular individual or risk should be covered." *Id.* at 835–36; *see also Am. Econ. Ins. Co. v. Bogdahn*, 89 P.3d 1051, 1054 (Okla. 2004) ("[C]ourts are not at liberty to rewrite the terms of an insurance contract.").

## C. The Policy

The district court granted summary judgment on the ground that the Policy unambiguously provides no coverage for the claims asserted against Mr. Dawson in the State Court Action. Specifically, the court concluded that the claims do not seek to recover for "bodily injury" or "property damage" as defined in the Policy. We agree.

The Policy provides, in relevant part:

SECTION II—LIABILITY COVERAGES

COVERAGE L—PERSONAL LIABILITY

4

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice. . . .

The Policy provides definitions of each of the bolded terms. For example, "bodily injury" is defined as "physical injury, sickness, or disease to a person. . . ." Importantly, for our purposes, the definition continues, stating that bodily injury does not include "emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person." And "property damage" is defined by the Policy as "physical damage to or destruction of tangible property, including loss of use of this property. . . ."

As a result, coverage under the Policy was triggered only if the State Court Action included claims for either "bodily injury" or "property damage," as those terms are defined by the Policy. We agree with the district court that Mr. Dawson has failed to raise a genuine issue of material fact that the State Court Action does so.

### D. Physical Injury

Mr. Dawson presented no evidence in opposition to summary judgment from which a trier of fact could find that the claims in the State Court Action were for physical injury. The petition in the State Court Action is devoid of any reference to physical injury, sickness, or disease. And as the district court noted, the student's opposition to State Farm's Motion for Summary Judgment in this case did not dispute

5

State Farm's statement of undisputed fact no. 25, which asserts that the student did not suffer any physical injuries as a result of Mr. Dawson's conduct. Indeed, the student testified that she had not suffered any physical injuries due to Mr. Dawson's inappropriate behavior.

On appeal, Mr. Dawson contends the district court erred in concluding there was no genuine issue of material fact with respect to physical injury because the student's mother testified that she was "not sure" whether the student suffered physical injury. We agree with the district court that this testimony does not preclude summary judgment on this issue. The mother testified as follows:

> Q: Do you feel like [the student] was physically harmed in any way by any of the occurrences that are alleged in this lawsuit?
>
> A: I don't know if I would say physically or – definitely mentally.
>
> Q: Okay. Well, let's talk about physically just for a minute. Do you – do you believe that [the student] was physically harmed in any way by any of the occurrences that are alleged in this lawsuit?
>
> A: I'm not sure on that.
>
> Q: In your mind, is there a possibility of a physical injury, that you have something in mind that we need to talk about?
>
> A: I don't have anything in mind.

Contrary to Mr. Dawson's argument, we see nothing in the mother's testimony that could support a finding that the student suffered physical injury as a result of Mr. Dawson's actions.

To establish a genuine issue of material doubt, the nonmoving party must do more than raise a "metaphysical doubt"; he must come forward with "specific facts

showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998). Mr. Dawson has failed to meet that standard here and summary judgment on this issue was appropriate.[2]

### E.    Property Damage

Mr. Dawson next contends that even if the State Court Action does not assert claims for physical injury, he has raised a genuine issue of material fact as to whether it seeks recovery for "property damage." Again, we agree with the district court that summary judgment was appropriate on this issue.

Recall that the Policy defines "property damage" as "physical damage to or destruction of tangible property, including loss of use of this property." The student's petition in the State Court Action makes no allegations of damage to any item of "tangible property." And in their responses to State Farm's motion for summary judgment in this action, neither the student nor Mr. Dawson identified any evidence that the student had made such a claim.

As he did in the district court, Mr. Dawson claims on appeal that the student lost her property interest in being educated at a "brick and mortar" public school, as opposed to on-line. But even if we assume for purposes of argument that this alleged

---

[2] In the district court, Mr. Dawson also argued that the Policy's exclusion of emotional injury from the definition of physical harm should be disregarded. He does not raise that issue on appeal, and in any event, we do not have liberty to ignore the Policy's plain language.

loss is fairly characterized as a property interest for some purposes, it is not "property damage" as defined by the Policy because it is not damage to "tangible property."

The Policy does not define "tangible property." We therefore give the term its plain and ordinary meaning. *Serra v. Estate of Broughton*, 364 P.3d 637, 641 (Okla. 2015). "Tangible" has been defined as "that can be touched or felt by touch; having actual form and substance." *Tangible*, Webster's New World College Dictionary (3d ed. 1997). And Black's Law Dictionary defines "tangible property" as "[p]roperty that has physical form and substance and is not intangible. That which may be felt or touched, and is necessarily corporeal, although it may be either real or personal (e.g. ring or watch)." *Tangible Property*, Black's Law Dictionary (6th ed. 1994). The Oklahoma Supreme Court has recognized this same definition, stating:

> At common law "tangible personal property" refers to rights in tangible physical things of the world over which *possession* may be taken. "Intangible personal property" encompasses property rights which—though represented by tangible objects (e.g., stock certificates, bonds and notes)—are essentially incorporeal in that they have limited intrinsic value and *ultimately* can only be claimed or enforced by a legal action.

*Globe Life & Accident Ins. Co. v. Okla. Tax Comm'n*, 913 P.2d 1322, 1326 (Okla. 1996); *see also Am. Airlines, Inc. v. State, ex rel. Okla. Tax Comm'n*, 341 P.3d 56, 65 (Okla. 2014) (referring to provision of Oklahoma Tax Code defining "tangible personal property," in relevant part as "personal property that can be seen, weighed, measured, felt, or touched or that is any other manner perceptible to the senses"); *Blitz U.S.A., Inc. v. Okla. Tax Comm'n*, 75 P.3d 883, 888–89 (Okla. 2003) ("An inventor sells intangible intellectual property [ideas, skill, or patent rights] in return

8

for which the inventor receives a royalty. A manufacturer, on the other hand, sells tangible personal property."); *In re Sales Tax Protest of West*, 979 P.2d 263, 264–65 (Okla. Civ. App. 1998) (holding that "it is inarguable" that contact sheets, transparencies, and videos given by photographer to clients could be "seen, weighed, measured, felt and touched" and therefore were tangible personal property).

Accepting Mr. Dawson's assertion that the student's right to a public education was damaged because she had to finish high school on the internet, rather than in brick and mortar high school, we still agree with the district court that he cannot prevail on his claim against State Farm. An education cannot be felt, it lacks physical form, and one cannot take possession of the right to it. Accordingly, it is not tangible property. And the fact that students typically obtain their public education in a tangible physical setting, using tangible items such as textbooks, does not change that conclusion. The right to a public education is intangible.

Finally, we also reject Mr. Dawson's argument that the student suffered "loss of use" of tangible personal property. The Policy defines "property damage" as "physical damage to or destruction of tangible property, including loss of use of this property. . . ." The definition's reference to "loss of use" is specifically tied to loss of use of "this property," which, in turn, refers to the damaged or destroyed tangible property. Because there has been no loss to tangible property here, it follows that the student cannot have suffered any "loss of use" resulting from the "damage or destruction to that tangible property."

9

## III.   CONCLUSION

In summary, the plain language of the Policy excludes coverage for defense or indemnification of the State Court Action. We therefore affirm the district court's order granting State Farm's summary judgment motion.

Entered for the Court


Carolyn B. McHugh
Circuit Judge