Vance HAYNES, d/b/a Haynes Package Store and Edna M. Leach, d/b/a Regency Park Package Store, Appellees,

v.

Peter S. CAPORAL, d/b/a C & C Wholesale Liquor Company, Jerry Rutledge, d/b/a Capital Beverage Company, Zeak Naifeh and Bob Naifeh, a partnership, d/b/a Central Liquor Company, Kenneth J. Cookson, Kenneth B. Cookson and Jerry D. Cookson, d/b/a Pioneer Wholesale Liquor Distributors, Appellants.

No. 49667.

Supreme Court of Oklahoma.

Sept. 20, 1977.

Rehearing Denied Nov. 30, 1977.

William C. Leach, Moore, for appellees.

Roy E. Grantham, Grantham, Casey & Kirkpatrick, Ponca City, Harold L. Heiple, Norman, John B. Jarboe, Jarboe, Keefer & Barrow, Tulsa, for appellants.

LAVENDER, Vice Chief Justice:

In 1973, the Oklahoma Alcoholic Beverage Control Board (ABC Board) amended Art. 3, § 5E(3) of its Rules and Regulations.[1] This amendment allowed a wholesaler to collect a "bottle handling charge"[2] in filling a fractional case order from a retailer.

Here, two retailers[3] (retailers) brought suit seeking damages and injunctive relief against four wholesalers[4] (wholesalers) for collecting this charge on sales to these retailers under the amended rule. Trial court gave judgment to the retailers. Judgment allowed retailers to recover the actual bottle handling charges paid, but denied other damages. These wholesalers were enjoined from further assessment of this charge. Wholesalers appeal.

1. Article 3, Section 5E(3). (Additions by Amendment of prior rule are emphasized by italics.)

"When a wholesaler (except Class 'B') desires to charge (for *expenses incurred in the handling of individual bottles in fractional cases,*) or for transportation of his beverages to the retailer he shall on the 18th day of the month include with his proposed percentage posting *the separate amounts, if any, to be charged for (1) bottle handling and/or (2)* the amount of transportation, *respectively,* to be charged per case. Such *bottle handling and/or* transportation charge shall be in effect for the duration of the price posting which it accompanies. Each wholesaler may, upon the 28th day of the month, adjust *the bottle handling and/or* transportation charge to an amount no lower than that of a competitor nor higher than his initial proposal on the 18th day of the month. Each wholesaler shall notify retail stores of his intention to charge *bottle handling expenses and/or* transportation expenses in accordance with the requirements stated in Article 3, Section 6. *The proposed percentage posting by the wholesaler desiring to charge a handling fee for fractional parts of cases will list such handling charges and any desired transportation charges separately.* The wholesaler must assess such *handling and/or* transportation costs without discrimination, to all retailers regardless of their distance from the wholesale warehouse. No other charges shall be assessed by the wholesaler to the retailer, except those expressly authorized by the provisions of the Oklahoma Alcoholic Beverage Control Act or the Rules and Regulations of the Board."

2. "Bottle handling charge" is a charge for expenses incurred in the handling of individual bottles in fractional cases.

3. Appellee retailers, who were plaintiffs in trial court, are:

Vance Haynes, d/b/a Haynes Package Store, and Edna M. Leach, d/b/a Regency Park Package Store.

4. Appellant wholesalers, who were defendants in the trial court, are:

Peter S. Caporal, d/b/a C & C Wholesale Liquor Company, Jerry Rutledge, d/b/a Capital Beverage Company, Zeak Naifeh and Bob Naifeh, a partnership, d/b/a Central Liquor Company, Kenneth J. Cookson, Kenneth B. Cookson and Jerry D. Cookson, d/b/a Pioneer Wholesale Liquor Distributors.

Basic facts are not disputed. The amounts paid as bottle handling charges were established and not disputed. There is no contention the charges were other than as allowed by the amended rule, or that the rule was not complied with in assessing the charges. The basic package to the wholesaler is the "case." The number of individual bottles in the case varies with the size of the retail container.[5] On wholesaler's charge was 96 cents per case, with that amount divided by the number of bottles in the case for the per bottle charge. Filling less than case orders required a "bottle room" and some 25% more space. That type of order caused more breakage and pilferage. Case orders cost some 50% less and require some 50% less employees. Money was lost on bottle handling orders. The assessment of the charge was without discrimination between retailers. Retailers cannot be limited by the wholesalers to case orders. Bottle orders must be recognized and filled.

The principal law issue in this appeal is the validity of the amended rule, with the collection of bottle handling charges thereunder, as weighed by 37 O.S.1971, § 536.[6] That section makes unlawful the granting, directly or indirectly, any discount in the sale of alcoholic beverage to retailers.

Retailers argue the bottle handling charge effects a quantity discount on the cost to the retailer between an order by the case and an order of less than a case. Wholesalers contend the charge is a legitimate cost of doing business passed on by the rule to the retailer that is not prohibited by statute. They argue there is no reduction from the posted price and so no discount.

Quantity price discounts by wholesale liquor dealers is prevented by § 536. *Oklahoma Alcoholic Beverage Control Board v. Central Liquor Co.,* Okl., 421 P.2d 244 (1966). The *Central Liquor, Co.* decision found language of § 536 to be plain and unambiguous with its meaning clear and unmistakable. "(A)ny discount" is unlawful. There, wholesalers were posting a price per bottle and a reduced price per bottle if purchased by the case. This court found that practice to be quantity discount and unlawful.

Section 536 prevents the granting of any discount, directly or *indirectly*. The word "indirectly" signifies the doing by an obscure, circuitous method something which is prohibited from being done directly and includes all methods of doing the thing prohibited except the direct one. *Independent Bankers Ass'n of Georgia, Inc. v. Dunn,* 230 Ga. 345, 197 S.E.2d 129, 139 (1973).

The end result of the price to the retailer under the bottle handling charge is the same as that disallowed by *Central Liquor Co., supra.* A purchase by the case would be at a reduced price per bottle than the price per bottle of a purchase of less than a case. Retailers with large customer volume and capable of purchasing from the wholesaler by the case would have a price advantage per bottle over a small customer volume retailer and not capable of purchasing by the case. The bottle handling charge is a circuitous method which indirectly accomplishes quantity price discount prohibited by § 536 under *Central Liquor Co., supra.* The bottle handling charge is an indirect quantity discount. It is not permitted under § 536.

5. A case contains:

6 half-gallons, or
12 fifths or quarts, or
24 pints, or
48 half-pints.

6. Section 536. Price discrimination-Rebates

(a)(1) It shall be unlawful for any person privileged to sell alcoholic beverages to wholesalers or retailers to discriminate, directly or indirectly, in price between one wholesaler and another wholesaler or between one retailer and another retailer purchasing alcoholic beverages bearing the same brand or trade name and of like age and quality; or

(2) to grant, directly or indirectly, any discount, rebate, free goods, allowance or other inducement.

(b) The Board is hereby authorized to promulgate rules which are necessary:

(1) To carry out the purpose of this Section and to prevent its circumvention by offering or giving of any rebate, allowance, free goods, discount or any other thing or service of value;

(c) * * *.

■ A "wholesaler" is one who buys in comparatively large quantities, and who sells, usually in smaller quantities, but never to the ultimate consumer of an individual unit. Black's Law Dictionary, Revised Fourth Edition, p. 1770. Selling in smaller quantities than one buys is an attribute and a normal function of that middleman. Handling the smaller quantities is a normal cost of doing business as a wholesaler. It is a part of the wholesaler's usual overhead. The Alcoholic Beverage Control Act does not control price. "Each wholesaler continues to have the right to establish any price it chooses for alcoholic beverages." *Central Liquor Co., supra.* His mark up in his posted price under the act is the mechanism for recouping his business cost and realizing anticipated profit. A quantity discount, direct or indirect, is unlawful by § 536. It is not available for recouping a wholesaler's normal business expense.

■ At trial, legislative intent of § 536 was sought to be established through the testimony of an individual senator and house member at the time of its passage. This court is not bound, and need not consider such evidence. Testimony of individual legislators or others as to happenings in the Legislature is incompetent, since that body speaks solely through its concerted action as shown by its vote. *Davis v. Childers,* 181 Okl. 468, 74 P.2d 930 (1938).[7]

Wholesalers seek reversal of the money judgment for actual damages. They argue good faith reliance on an administrative rule and failure to exercise an administrative remedy.

■ Here, retailers' petition contained two causes of action. The first cause of action sought actual damages in the amount of the bottle handling charges paid, punitive damages, and triple damages based on an alleged conspiracy. Retailers did not come forward with any evidence of a conspiracy. The trial court correctly sustained demurrers to the evidence as to the punitive and triple damages.

*United States v. Stocks Lincoln-Mercury, Inc.,* CA10, Utah, 307 F.2d 266 (1962) is cited by wholesalers as authority that good faith reliance on an administrative rule relieves actual damages. There, the statutory act, giving the administrative agency the authority to administer the act, contained an express provision that good faith reliance on the agency's rulings excused liability flowing from that reliance. That authority is not persuasive here. No similar provision is contained in the Oklahoma Alcoholic Beverage Control Act.

■ In this action, retailers sought private redress in the form of damages for the monies actually paid to the wholesalers on unlawful bottle handling charges. Wholesalers point to no rule of the ABC Board that gives them an administrative hearing or relief on this issue. Their remedy is through the courts. That right is not conditioned on first seeking to overturn at the administrative level the rule allowing the charge.

Under the trial court's judgment and this opinion, the bottle charges were unlawful. To allow the wholesalers to retain the monies so collected rewards an unlawful act. Retailers were assessed an unlawful charge under an invalid rule. Their actual damages were the amounts so paid. The retailers are entitled to receive those monies back. That is the effect of the money judgment.

Affirmed.

7. *Davis, supra,* is quoted with approval in *State v. Sandfer,* 93 Okl.Cr. 228, 226 P.2d 438 (1951). In *Sandfer,* that court said:

"In *Davis v. Childers, State Auditor,* 181 Okl. 468, 74 P.2d 930, a portion of the second paragraph of the syllabus reads: 'Testimony of individual legislators or others as to happenings in the Legislature is incompetent, since that body speaks solely through its concerted action as shown by its vote.'

"And in the body of the opinion it is stated: 'The Legislature's intention can only be shown by its vote. If the intent of the Legislature is to be shown by inquiring of the members what was intended, it would be necessary to interrogate all the members of both the Senate and the House. Besides being an interminable job, it is not conceivable that a common intent would be the result." *Barlow v. Jones,* 37 Ariz. 396, 294 P. 1106.' "

HODGES, C. J. and DAVISON, WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.