OSCN Found Document:PRESCOTT v. OKLAHOMA CAPITOL PRESERVATION COMMISSION

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 PRESCOTT v. OKLAHOMA CAPITOL PRESERVATION COMMISSION
2015 OK 54
Case Number: 113332
Decided: 06/30/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 54, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

DR. BRUCE PRESCOTT, JAMES HUFF, DONALD CHABOT, and CHERYL FRANKLIN, Plaintiffs-Appellants, v.
OKLAHOMA CAPITOL PRESERVATION COMMISSION, Defendant-Appellee.

ON APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY;
STATE OF OKLAHOMA;
HONORABLE THOMAS E. PRINCE

¶0 Oklahoma citizens challenged the placement of a Ten Commandments Monument on the grounds of the Oklahoma State Capitol under Article 2, Section 5 of the Oklahoma Constitution. The trial court entered summary judgment for the Defendant and denied injunctive relief. Citizens appealed, and we retained the case. We hold that the Ten Commandments Monument violates Article 2, Section 5 of the Oklahoma Constitution, is enjoined, and shall be removed.

DISTRICT COURT'S JUDGMENT REVERSED; MATTER REMANDED
FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION

Ryan Kiesel, Brady Henderson, ACLU of Oklahoma Foundation, Oklahoma City, Oklahoma, Attorney for Plaintiffs-Appellants
E. Scott Pruitt, Patrick Wyrick, Cara N. Rodriguez, Office of the Oklahoma Attorney General, Oklahoma City, Oklahoma, Attorney for Defendant-Appellee
Hiram Sasser, Liberty Institute, Plano, Texas, Attorney for Defendant-Appellee
Paul D. Clement, George W. Hicks, Jr., Taylor A.R. Meehan, Bancroft PLLC, Washington, DC, Attorneys for Amicus Curiae Mark E. DeForrest
Mark D. Spencer, McAfee & Taft, Oklahoma City, Oklahoma, Attorney for Amicus Curiae Mark E. DeForrest

PER CURIAM 

¶1 Oklahoma citizens Bruce Prescott, James Huff, and Cheryl Franklin (complainants) seek removal of a Ten Commandments monument from the Oklahoma Capitol grounds. The monument was a gift from another Oklahoma citizen and was placed on the Capitol grounds pursuant to a Legislative act that was signed by the Governor. While conceding that no public funds were expended to acquire the monument, complainants nonetheless maintain its placement on the Capitol grounds constitutes the use of public property for the benefit of a system of religion. Such governmental action is forbidden by Article 2, Section 5 of the Oklahoma Constitution.

¶2 The trial court ruled that the monument did not violate Article 2, Section 5 and entered a summary judgment denying complainants' request for an injunction. This Court reviews de novo the constitutional issue and the legal question resolved by the summary judgment. Sw. Bell Tel. Co. v. Okla. State Bd. of Equalization, 2009 OK 72, ¶ 10, 231 P.3d 638, 641. Upon de novo review, the trial court's ruling is reversed.

¶3 In deciding whether the State's display of the monument in question violates Article 2, Section 5, the intent of this provision must be ascertained. Draper v. State, 1980 OK 117, ¶ 8, 621 P.2d 1142, 1145. Such intent is first sought in the text of the provision. Id. Words of a constitutional provision must be given their plain, natural and ordinary meaning. Lepak v. McClain, 1992 OK 166, ¶ 7, 844 P.2d 852, 854.

¶4 The text of Article 2, Section 5 states:

§ 5. Public money or property - Use for sectarian purposes.

No public money or property shall ever be appropriated, applied, donated, or used, directly or indirectly, for the use, benefit, or support of any sect, church, denomination, or system of religion, or for the use, benefit, or support of any priest, preacher, minister, or other religious teacher or dignitary, or sectarian institution as such.

The plain intent of Article 2, Section 5 is to ban State Government, its officials, and its subdivisions from using public money or property for the benefit of any religious purpose. Use of the words "no," "ever," and "any" reflects the broad and expansive reach of the ban. See Coffee v. Henry, 2010 OK 4, ¶ 3, 240 P.3d 1056, 1057.

¶5 To reinforce the broad, expansive effect of Article 2, Section 5, the framers specifically banned any uses "indirectly" benefitting religion. As this Court has previously observed, the word "indirectly" signifies the doing, by an obscure, circuitous method, something which is prohibited from being done directly, and includes all methods of doing the thing prohibited, except the direct means. Haynes v. Caporal, 1977 OK 166, ¶ 7, 571 P.2d 430, 433. Prohibiting uses of public property that "indirectly" benefit a system of religion was clearly done to protect the ban from circumvention based upon mere form and technical distinction.

¶6 In authorizing its placement, the Legislature apparently believed that there would be no legal impediment to placing the monument on the Capitol grounds so long as (1) the text was the same as the text displayed on the Ten Commandments monument on the grounds of the Texas State Capitol, and (2) a non-religious historic purpose was given for the placement of the monument. To be sure, the United States Supreme Court case of Van Orden v. Perry, 545 U.S. 677 (2005), ruled that the Texas Ten Commandments monument did not violate the Establishment Clause in the First Amendment to the United States Constitution. However, the issue in the case at hand is whether the Oklahoma Ten Commandments monument violates the Oklahoma Constitution, not whether it violates the Establishment Clause. Our opinion rests solely on the Oklahoma Constitution with no regard for federal jurisprudence. See Michigan v. Long, 463 U.S. 1032, 1040-41 (1983). As concerns the "historic purpose" justification, the Ten Commandments are obviously religious in nature and are an integral part of the Jewish and Christian faiths.

¶7 Because the monument at issue operates for the use, benefit or support of a sect or system of religion, it violates Article 2, Section 5 of the Oklahoma Constitution and is enjoined and shall be removed.

DISTRICT COURT'S JUDGMENT REVERSED; MATTER REMANDED FOR 
FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION

¶8 Reif, C.J., Kauger, Watt, Winchester, Edmondson, Taylor, Gurich, JJ., concur.

¶9 Combs, V.C.J., Colbert, J., dissent.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1992 OK 166, 844 P.2d 852, 63 OBJ 3757, Lepak v. McClain
Discussed
 2009 OK 72, 231 P.3d 638, SOUTHWESTERN BELL TELEPHONE CO. v. OKLA. STATE BD. OF EQUALIZATION
Discussed
 2010 OK 4, 240 P.3d 1056, COFFEE v. HENRY
Discussed
 1977 OK 166, 571 P.2d 430, HAYNES v. CAPORAL
Discussed
 1980 OK 117, 621 P.2d 1142, Draper v. State
Discussed